IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:20-CV-00778-RBJ

RALPH MITCHELL and JODY MITCHELL,

Plaintiffs,

v.

WILLIAM E. ROSENTHAL,

Defendant.

## PLAINTIFFS' MOTION FOR RECONSIDERATION OF COURT ORDER [ECF 35] ISSUED ON DECEMBER 22, 2021

Plaintiffs Ralph Mitchell and Jody Mitchell, respectfully request this Court to reconsider its order issued on December 22, 2021 [ECF 35], vacate the order, and enter a new order precluding the disclosure of draft expert reports. For the reasons stated below, Plaintiffs believe this Court's order [ECF 35] was incorrectly decided.

### D.C.COLO. LCivR 7.1 Certificate

On January 4, 2022, undersigned counsel conferred with counsel for Defendant. Defendant objects to the relief sought herein.

### INTRODUCTION

On December 22, 2021, the Parties appeared before this Court for a discovery dispute conference regarding Defendant's request to obtain initial drafts of expert reports exchanged between Plaintiffs' disclosed experts and Plaintiffs' counsel. Defendant's counsel became aware that Plaintiffs' counsel and Plaintiffs' experts had exchanged drafts of expert reports because of

1

information discussed during the depositions of Plaintiffs' experts.

During the December 22, 2021 telephonic hearing, Plaintiffs' counsel explained the collaborative process that generated the draft expert reports. First, Plaintiff's counsel provided to the experts via email the "facts and data" (medical records and other documents) for the experts' consideration. Second, at a later time, after each expert had reviewed and considered the "facts and data" provided, Plaintiff's counsel and each expert discussed via telephone the experts' respective opinions. Lastly, based on these collaborative discussions with the experts, Plaintiffs' counsel prepared initial drafts of the experts' reports for their review, edits and additions prior to disclosure. In this manner, Plaintiffs' counsel exchanged drafts of the following experts' reports: Dr. Ramya Shyam, CCC-SLP; Dr. Lauren Rust, PT, DPT, OCS; Dr. Jeffrey Siegel, MD; Dr. Kimball Spence, DO; and, Dr. Amy Elsila, OD/ Dr. Lynn Hellerstein, OD.

Importantly, any "facts and data" that were present in the draft reports exchanged with the experts had already been provided to those experts previously in emails as described above. The draft expert reports were not used as a vehicle to convey any "facts and data" to the experts (because this had previously been provided to them). Rather, the draft expert reports put into written form the opinions and positions expressed by the experts during the conferences held with each expert following their prior review of the "facts and data."

At the hearing, Plaintiffs argued that pursuant Fed. R. Civ. P. 26(b)(4)(B), drafts of expert reports are protected from disclosure, "***regardless*** of the form in which the draft is prepared". *See* Fed. R. Civ. P. 26(b)(4)(B)(emphasis added). Plaintiffs further explained that in 2010, Fed. R. Civ. P. 26 was modified to preclude the disclosure of any drafted expert report. *See id*. Defendant argued that these initial draft reports were discoverable because information contained within the

drafted report "[i]dentified facts and data that the party's attorney provided and that the expert considered in forming the opinions to be expressed." *See* Fed. R. Civ. P. 26(b)(4)(C)(ii).

Following argument, this Court ordered that, "Plaintiff is to produce the draft reports that were provided to experts, as outlined on the record." [ECF 35].

## FACTUAL BACKGROUND

1. On April 9, 2021, Plaintiffs' disclosed expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(B)(II) and served all identified exhibits upon Defendant's counsel. *See* Plaintiffs' Initial Disclosure of Expert Witnesses Pursuant to F.R.C.P. 26(a)(2)(B)(II), attached and identified as **Exhibit 1**.

2. Plaintiffs' expert disclosure pleading identified each of the pleadings, documents and reports reviewed and relied upon, in part, by the identified expert for the basis of their opinion. *Id*. These identified pleadings, documents and reports were previously disclosed to Defendant prior to the disclosure of Plaintiffs' expert witnesses and their corresponding reports. *See generally*, Plaintiffs' Supplemental Expert Witness F.R.C.P. 26(a)(1) Disclosures.[1]  These materials are the "facts and data" reviewed and relied upon by the Plaintiffs' experts in forming their opinions.

3. As required by Fed. R. Civ. P. 26, Plaintiffs continuously updated and disclosed facts and data relied upon by their experts in forming their opinions and conclusions contained in their reports. *See generally*, Plaintiffs' First Supplemental 26(a)(2) Expert Disclosures; Plaintiffs' Second Supplemental 26(a)(2) Expert Disclosures; Plaintiffs' Third Supplemental 26(a)(2) Expert Disclosures; Plaintiffs' Fourth Supplemental 26(a)(2) Expert Disclosures; Plaintiffs' Fifth

---

[1] Plaintiffs' counsel understands that Defendant is neither arguing that Plaintiffs have failed to disclose any particular documents or reports relied upon by Plaintiffs' experts nor is contesting the sufficiency of any disclosure of Plaintiffs' expert witnesses.

Supplemental 26(a)(2) Expert Disclosures; Plaintiffs' Sixth Supplemental 26(a)(2) Expert Disclosures; Plaintiffs' Seventh Supplemental 26(a)(2) Expert Disclosures; and, Plaintiffs' Eighth Supplemental 26(a)(2) Expert Disclosures, attached and identified as **Exhibit 2**.

4. Defendant's counsel deposed each of Plaintiffs' disclosed retained experts. Specifically, as it relates to this Motion, Defendant's counsel deposed the following experts disclosed by Plaintiffs:

> Dr. Ramya Shyam, CCC-SLP (deposed on September 27, 2021); Dr. Lauren Rust, PT, DPT, OCS (September 23, 2021); Dr. Jeffrey Siegel, MD (deposed on September 21, 2021); Dr. Kimball Spence, DO (deposed on October 26, 2021); and, Dr. Amy Elsila, OD (deposed on October 12, 2021).

5. Dr. Shyam testified that after a conversation with Mr. Shapiro regarding her treatment of Plaintiff Ralph Mitchell, she reviewed the summary of the notes of the conversation prepared by Plaintiffs' counsel, which amounted to a drafted report, and then she made changes and corrections to the drafted report. *See* Excerpt from Deposition of Dr. Ramya Shyam, at 45:6-25 – 51:1-8, attached and identified as **Exhibit 3**. Further, Dr. Shyam testified that the expert report disclosed by Plaintiffs' was her report, which was a "summary of [her] work with [Plaintiff Ralph Mitchell] and [her] opinions." *Id*. at 44:17-25 – 45:1-3.

6. Dr. Rust testified that she spoke to Mr. Shapiro a total of four (4) times prior to the drafting, preparation and submission of her expert report. *See* Excerpt from Deposition of Dr. Lauren Rust, at 21: 24-25 – 27:1:6. Dr. Rust further testified that she received a draft of her report from Plaintiffs' counsel prior to a telephone conference with Mr. Shapiro on April 7, 2021, that the provided drafted report required significant rewriting, and that she made significant changes to the provided draft, all of which was included in her disclosed expert report. *Id*. at 42:21-25 – 45:1-21, attached and identified as **Exhibit 4**.

7. Dr. Spiegel testified that he was provided a letter by Plaintiffs' counsel, which he reviewed and then modified to his liking, including that he wrote 95 to 99 percent of the submitted expert report. *See* Excerpt from Deposition of Dr. Jeffrey Spiegel, at 23:13-25 – 24:1-25, attached and identified as **Exhibit 5**.

8. Dr. Spence testified that he authored his report, that he was provided a general template to make revisions from, and that he was provided with generalizations by Plaintiffs' counsel regarding what would be helpful to include in his report. *See* Excerpt from Deposition of Dr. Kimball Spence, at 40:18-25 – 41:1-23; 53:11-25 – 57:1-2, attached and identified as **Exhibit 6**.

9. Dr. Elsila testified that she drafted both her initial expert rebuttal reports. *See* Excerpt from Deposition of Dr. Elsila, at 18:16-25 – 19:1-10, attached and identified as **Exhibit 7**. When asked specifically if Mr. Shapiro assisted with the drafting of her report, Dr. Elsila stated "no," and that Mr. Shapiro only provided comments regarding the last paragraph of her report to include legalese *Id.* at 20:22-25 – 21:1-15. Dr. Elsila testified that she was provided an initial draft that "provided us some structure" but the draft was "scratched" and rewritten by Dr. Elsila. *Id.* at 21:16-25 – 23:1-20. Further, Dr. Elsila testified that she had a telephone conversation prior to preparing her expert report. *Id.* at 41:2-9.

10. Notably, none of Plaintiffs' experts testified that the draft expert reports conveyed any new "facts and data" to them that had not previously been provided to them by Plaintiffs' counsel.

**LEGAL STANDARD**

"The Federal Rules of Civil Procedure do not specifically provide for motions for

reconsideration." *Robertson v. REP Processing, LLC*, 19-CV-0291-PAB-NYW, 2021 WL 4197442, *1 (D. Colo. Sept. 15, 2021); *see Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995). "Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires." *Id.*; *see Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed.R.Civ.P. 54(b)) (internal citations omitted).

"Motions to reconsider are generally inappropriate vehicle to advance new arguments, or support facts which were available at the time of the of the original motion." *Id.*; *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal quotations omitted). "A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*; *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (internal quotations omitted). "[C]ourts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error." *Id.* at *2. "Under the clearly erroneous standard, the reviewing court [must] affirm unless it one the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.*; quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal citations and quotations omitted).

## ARGUMENT

### I. The 2010 Amendments to Fed. R. Civ. P. 26(b)(4) Created Work Product Protection over Draft Expert Witness Reports.

In 2010, Fed. R. Civ. P. 26(a)(2) and (b)(4) were modified to specifically address concerns related to expert discovery. *See* Fed. R. Civ. P. 26 advisory comm. n. (2010). Specifically, "Rule 26(b)(4) is amended to provide work-product protection against discovery regarding draft expert disclosures or reports and – with three specific exceptions – communications between expert

witnesses and counsel." *Id*. Federal Rule of Civil Procedure 26(b)(4)(B), titled "*Trial-Preparation Protection for Draft Reports or Disclosures*," states "Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded." Fed. R. Civ. P. 26(b)(4)(B). The purpose of the 2010 amendment to Rule 26(b)(4)(B) was "to provide work-product protection under Rule 26(b)(3)(A) and (B) for drafts of expert reports or disclosures." *See* Fed. R. Civ. P. 26 advisory comm. n. (2010). The protection "applies regardless of the form in which the draft is recorded, whether written, electronic, or otherwise," and also applies to "drafts of any supplementation under Rule 26(e)." *Id*.

Federal Rule of Civil Procedure 26(b)(4)(C) provides protection for communications between a party's attorney and expert witnesses, with only three (3) exceptions where such communications are discoverable. *See* Fed. R. Civ. P. 26(b)(4)(C)(i)-(iii). Pertinent here, and as argued by Defendant's counsel during the telephonic discovery here, is the second exception, which permits discovery "to identify facts or data the party's attorney provided to the expert and that the expert considered in forming the opinions to be expressed." *See* Fed. R. Civ. P. 26 advisory comm. n. (2010); Rule 26(b)(4)(C)(ii). "The exception applies only to communications 'identifying' the facts or data provided by counsel; further communications about the potential relevance of the facts or data are protected." *Id.*

Any discovery beyond the three (3) exceptions under Rule 26(b)(4)(C), "or regarding draft expert reports or disclosures, is permitted only in limited circumstances and by a court order." *Id*. Furthermore, a party seeking discovery regarding draft expert reports must show "a substantial need for the discovery and cannot obtain the substantial equivalent without undue hardship," as required by Rule 26(b)(3)(A)(ii). *Id*. Should this standard be met, "the court must protect against

7

disclosure of the attorney's mental impressions, conclusions, or legal theories under Rule 26(b)(3)(B)." *Id*.

## II. All Drafts of Plaintiffs' Experts' Reports are Protected from Disclosure Pursuant to Fed. R. Civ. P. 26(b)(4)(B).

As testified to by each expert, the initial drafts of Plaintiffs' retained experts' reports were either prepared by the expert with the assistance of Plaintiffs' counsel, or the draft was initially prepared by Plaintiffs' counsel based upon collaborative conversations with Plaintiffs' experts regarding their records. *See generally*, Factual Background, ¶¶ 5-9.

During the telephonic discovery hearing, Defense counsel relied upon and quoted *Oklahoma v. Tyson Foods, Inc.*, No. 05-CV-329-GFK-PJC, 2009 WL 158937, at *2 (N.D. Ok. June 2, 2009). To the best of undersigned counsel's memory, Defense counsel quoted the following statements to support Defendant's position that draft reports prepared by counsel must be disclosed:

> Draft expert reports prepared by counsel and provided to testifying experts, and attorney-expert communications that explain the lawyer's concept of the underlying facts, or his view of the opinions expected from such experts, are not entitled to protection under the work-product doctrine.

*Id*.; *Elm Grove Coal Co. v. Director; O. W.C.P.*, 480 F.3d 278, 302-303 (4th Cir. 2007) (internal edits omitted); and,

> Fundamental fairness requires disclosure of all information supplied to a testifying expert in connection with his testimony, regardless of whether such information falls under the attorney-client or core work product privilege.

*Id*.; *In re Pioneer Hi-Bred Int'l, Inc.*, 238 F3d 1370, 1375 (Fed. Cir. 2001) (internal quotations and edits omitted). It should be noted that this case law cited and relied upon by Defendant, in addition to not being binding in this jurisdiction, was rendered prior to the 2010 amendments to Fed. R.

Civ. P. 26.

Pursuant to Fed. R. Civ. P. 60(a), the court may correct a mistake arising from oversight or omission whenever one is found in an order. *See generally*, Fed. R. Civ. P. 60(a). The fact that this specific case law, relied upon and argued by Defendant, is no longer valid following the 2010 amendments was neither addressed by the Court nor the parties.

Notably, the Advisory Committee stated that the 2010 amendment of Rule 26 (i.e. to focus disclosure on "facts and data"[2] rather than "data or other information"), is "meant to limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel." *See* Fed. R. Civ. P. 26 advisory comm. n. (2010). Further, "[t]his amendment is intended to alter the outcome in cases that have relied on the 1993 formulation in requiring disclosure of all attorney-expert communications and draft reports. The amendments to Rule 26(b)(4) make this change *explicit* by providing work-product protection against discovery regarding draft reports and disclosures of attorney-expert communications." *Id*. (emphasis added). "[I]t is the intention of the rules committee to protect the mental impressions and legal theories of a party's *attorney*, not its expert." *Republic of Ecuador v. Bjorkman*, No. 11-cv-01470-WYD-MEH, 2012 WL 12755, at *6 (D. Colo. Jan. 4, 2012).

Unlike the case law recited and relied upon by Defendant's counsel, following the 2010

---

[2] Under Fed. R. Civ. P. 26(a)(2)(B)(ii), Plaintiffs are required to disclose "the facts or data" considered by their experts in the formation of their conclusions and opinions. *See generally*, Fed. R. Civ. P. 26(a)(2)(B). Plaintiffs have done so in this case and continue to provide Defendant with all "facts and data" that their experts have relied upon in forming their opinions and conclusions through supplemental disclosures. *See generally*, **Exhibit 2**. Defendant has not raised the issue to Plaintiffs' that the disclosure of "facts and data" relied upon by Plaintiffs' experts is insufficient.

amendments to Fed. R. Civ. P. 26, this court has addressed issues regarding the disclosure of expert report "drafts". In *Etherton v. Owners Ins. Co.*, the court affirmed that Fed. R. Civ. P. 26 requires a party disclose "(1) a complete statement of [the expert's] opinions and the basis and reasons for them, (2) the facts or data [the expert] considered in forming his opinions, and (3) any exhibits that will be used to summarize or support [the expert's] opinions." *Etherton v. Owners Ins. Co.*, No. 10-cv-00892-MSK-KLM, at *2 (D. Colo. Feb. 18, 2011); *see* Fed. R. Civ. P. 26(a)(2)(B)(I)-(iii). "Rule 26(a)(2) does not require a party to disclose all of its expert's notes, calculations, and preliminary analysis. *Id*. (internal citations omitted). Actual drafts of expert reports, regardless of whether they are authored by the expert, expert's co-authors, or staff, should not be produced. *Republic of Ecuador v. Bjorkman*, No. 11-cv-01470-WYD-MEH, 2013 WL 50430, at *2 (D. Colo. Jan 3, 2013). *Id*. Further, even "notes, outlines, lists, letters, and memoranda prepared by an expert or non-attorney *concerning or relating to* draft expert reports are not protected and must be disclosed." *Id*. (emphasis added).

Thus, following the 2010 amendments, disclosure of any draft of Plaintiffs' experts' reports, whether prepared by Plaintiffs' counsel or prepared by Plaintiffs' expert, is prohibited by Fed. R. Civ. P. 26(b)(4)(B). Defendant's counsel argued that because the purported initial draft of Plaintiffs' experts' reports contain "facts and data" that the expert relies upon in their opinions and conclusions, the drafts are therefore discoverable. This argument is nonsensical because it functions to undercut the entire purpose of Rule 26(b)(4)(B). If the draft of an expert report contains "facts and data" relied upon the expert in formulating their conclusions, and therefore the draft is discoverable, then the Advisory Committee would have maintained the 1993 version of Fed. R. Civ. P. 26 and not made this specific change to preclude the disclosure of expert draft

10

reports. Defendant's argument that he is entitled to initial drafts of expert reports because it contains "facts and data" completely subsumes the intent and purpose and intent of Fed. R. Civ. P. 26(b)(4)(B). In other words, the Defendant here is arguing that a draft expert report is discoverable when it contains "facts and data." If that is correct, then *every* expert report exchanged between counsel and an expert is discoverable because *every* expert report necessarily contains "facts and data." If Plaintiffs' counsel had used the draft expert report as a conduit or method to transmit "facts and data" for the first time to the experts, then Defendant's argument might hold more water. However, that is not what happened here.

Furthermore, the drafts prepared by counsel do not equate to a "communication" that identifies facts and data that the expert relies upon. *See* Fed. R. Civ. P. 26(b)(4)(C)(ii). As identified in the Advisory Committee's comments, this communication is in reference to counsel providing "facts and data" for the expert to review, consider and rely upon. *See* Fed. R. Civ. P. 26 advisory comm. n. (2010). An example of such a communication is such as counsel and the expert exchanging data or records for the expert to review, assumptions for the expert to consider, and/or providing the pleadings and discovery responses for the expert's review. *See generally*, Expert File of Dr. Ramya Shyam, attached and identified as **Exhibit 8**.

As articulated in *Republic of Ecuador*, "drafts of expert reports, memoranda and notes prepared by counsel" are protected from disclosure. *See Republic of Ecuador*, 2013 WL 50430, at *2-3. As testified by Dr. Shyam, after her telephone conversation with Mr. Shapiro, "notes" from the telephone conversation taken by Mr. Shapiro that were then summarized into a draft report for Dr. Shyam to revise, edit, correct, and adopt as her opinions and conclusions. *See generally*, **Exhibit 3**. Dr. Rust testified that she received a summary of her records prepared by Mr. Shapiro

to use as a draft of her expert report which required a significant rewrite. *See generally*, **Exhibit 4**. Dr. Spiegel testified he received a letter from Mr. Shapiro which "was used to provide some structure," for his expert report, and that he drafted his expert report. **Exhibit 5**, at 22:9-20. Dr. Spence testified that he was provided a template/summary for his draft report, but his report was prepared by him and includes his opinions and conclusions. **Exhibit 6**, at 53:11-25 – 54:1-18. Dr. Elsila testified that she received a draft from Mr. Shapiro that she used "to provide [ ] some structure," but her expert report was prepared and drafted by her. **Exhibit 7**, at 22:9-14.

As testified to by the various experts, Plaintiffs' counsel provided notes, summaries, and generalizations of both the experts' records and the conversations between the expert and counsel to be utilized as a starting point for their expert reports. These notes, summaries, and generalizations are not only protected as a "draft" under Fed. R. Civ. P. 26(b)(4)(B), but also under 26(b)(3)(B), as these documents, prepared by counsel, contain counsel's "mental impressions, conclusions, opinions, or legal theories." *See* Fed. R. Civ. P. 26(b)(3)(B). Each expert testified that their disclosed expert report contains their own opinions and conclusions. *See generally*, **Exhibits 3-7**.

During each expert's deposition, Defendant's counsel was provided with the opportunity to inquire about each expert's report, the contents of the report, how the report was prepared, the facts and data the experts' relied upon, and lastly, whether or not the opinions and conclusions contained in the report were in fact the experts'. This inquiry is permissible under Fed. R. Civ. P. 26. However, the disclosure of draft reports, notes, summaries, and memoranda provided to the experts by Plaintiffs' counsel, whether it is the first iteration or the ninth iteration, is impermissible under Fed. R. Civ. P. 26(b)(3)(B) and (b)(4)(B). *See Republic of Ecuador*, 2013 WL 50430, at *2.

### III. Plaintiffs' Counsel Did Not Engage in "Ghost-Writing" Tactics and Defendant Must Be Precluded from Making Any Such Reference

During the telephonic discovery conference, Defense counsel conceded that she did not want disclosed all "iterations of the drafts" exchanged between Plaintiffs' counsel and the experts, but sought the "initial draft" provided by Plaintiffs' counsel to the expert. As argued herein, Plaintiffs' position remains that disclosure of any iteration of a draft expert report is precluded under Fed. R. Civ. P. 26(b)(4)(B) and (b)(3)(B).

Plaintiffs' counsel can only assume that Defendant seeks the initial draft (i.e. the notes, memoranda, summary, template, draft) provided by counsel to Plaintiffs' experts to compare and contrast to the final disclosed report to *possibly* argue that Plaintiffs' counsel either "ghost wrote" the expert's report, or worse, that the expert is merely Plaintiffs' counsel's mouthpiece. Neither argument holds merit; further, such arguments are improper characterization of the experts' testimony and amount to an ad hominem attack upon Plaintiffs' counsel.

Pursuant to Fed. R. Civ. P. 26(a)(2)(B), testifying experts are required to provide a written report, "prepared and signed by the witness". *See* Fed. R. Civ. 26(a)(2)(B). This provision does not preclude an attorney from providing assistance to their expert in preparing their report, however, the substance of the report must "reflect[ ] the testimony to be given by the witness and must be signed by the witness." *See* Fed. R. Civ. P. 26 advisory comm. n. (1993).

While Plaintiffs' counsel did provide some assistance with the preparation of the disclosed expert reports, counsel was neither the sole author, nor a "ghost writer" for their experts. Rather, as testified by the experts, Plaintiffs' counsel provided nothing more than guidance or a framework for the experts to rely upon in drafting their reports. *See generally*, **Exhibits 3-7.** "[T]he assistance of counsel contemplated by Rule 26(a)(2)(B) is not synonymous with ghost-writing . . . Allowing

13

an expert to sign a report drafted entirely by counsel without prior substantive input from an expert would read the word 'prepared' completely out of the rule." *Mullen v. South Denver Rehabilitation, LLC*, No. 18-cv-01552-MEH, 2020 WL 6680358, at *2 (D.Colo. Nov. 12, 2020); quoting *Manning v. Crockett*, No. 95 C 3117, 1999 WL 342715, at *3 (N.D. Ill. May 18, 1999) (citations omitted). It is clear that Plaintiffs' counsel did not provide a report for Plaintiffs' experts to sign without their substantive review, critique, and input. Rather, the opposite is true; each expert testified their own expert report was prepared themselves. *See generally*, **Exhibits 3-7**.

Furthermore, Plaintiffs' counsel's actions of providing a summary or draft of the expert's records along with counsel's notes/memoranda following a conversation with the expert is not only protected under Fed. R. Civ. P. 26(b)(4)(B) and (b)(3)(B), but it is also permissible. *See e.g., Bryntesen v. Camp Auto., Inc.,* No. 2:13-cv-00491-BLW, 2015 WL 248002, at *4 (D. Idaho Jan. 20, 2015) ("[I]f counsel acts as a scrivener, and the expert supplies the substantive content for the written report, the report is nonetheless 'prepared' by the expert within the meaning of the rule."(internal citations omitted)). Plaintiffs' counsel did not engage in any ghost writing tactics and Defendant must be precluded from any such insinuation.

## CONCLUSION

As argued herein, following the 2010 Amendments to Fed. R. Civ. P. 26(b)(4), drafts of expert reports, *regardless of the form*, are precluded from disclosure. *See* Fed. R. Civ. P. 26(b)(4)(B). Communications that identify facts and data an expert is to rely upon in the formulation of their conclusions and opinions are discoverable. Fed. R. Civ. P. 26(b)(4)(C)(ii). The information, memoranda, notes, summary, generalizations, and draft prepared by Plaintiffs' counsel and provided to the experts to assist in the preparation of their disclosed expert reports are

not discoverable because such documentation contains counsel's mental impressions, theories, and opinions, and are thus precluded from disclosure pursuant to Fed. R. Civ. P. 26(b)(3)(B). Lastly, these notes, drafts, letters and memoranda do not amount to a discoverable "communication" under Fed. R. Civ. P. 26(b)(4)(C)(ii).

**WHEREFORE**, Plaintiffs, Ralph Mitchell and Jody Mitchell, respectfully request, for the reasons and arguments articulated herein, this Court reconsider its order issued on December 22, 2021 [ECF 35], vacate the order, and enter a new order precluding the disclosure of any draft(s) of Plaintiffs' experts' reports.

Respectfully submitted on this 10th day of January 2022.

**OGBORN MIHM LLP**

*/s/ Quinn S. Girrens*
Murray Ogborn, Esq.
Steven A. Shapiro, Esq.
Quinn S. Girrens, Esq.
Kylie M. Schmidt, Esq.
1700 Lincoln Street, Suite 2700
Denver, CO 80203
Phone: 303.592.5900
Fax:     303.592.5910
Email: Murray.Ogborn@omtrial.com
            Steven.Shapiro@omtrial.com
            Quinn.Girrens@omtrial.com
            Kylie.Schmidt@omtrial.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

   I hereby certify that on January 10, 2022 a true and correct copy of the foregoing document was served as follows:

| | |
|---|---|
| Jennifer Vedra | [_____] U.S. Mail |
| 200 Union Blvd, Suite 200 | [_____] Fed Ex |
| Lakewood, Colorado 80228 | [_____] Fax |
| Email: jvedra@tysonmendes.com | [_____] Hand Delivered |
| *Attorney for Defendant* | [_____] E-Mailed |
| | [__X__] E-Filed |

               */s/ Cindie Curtis*
               Cindie Curtis, Legal Assistant
               Ogborn Mihm, LLP